Filed 10/21/20  P. v. Vaaitautia CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EPI PALKI VAAITAUTIA,<br><br>    Defendant and Appellant. | B296143<br><br>(Los Angeles County<br>Super. Ct. No. NA109908) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jesse I. Rodriguez and Laura L. Laesecke, Judges.  Affirmed in part, reversed in part, and remanded with directions.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising

Deputy Attorney General, and Stacy S. Schwartz, Deputy Attorney General, for Plaintiff and Respondent.

_____

A jury found Epi Palki Vaaitautia guilty of selling methamphetamine and of possessing the drug for sale. Vaaitautia challenges the trial court's denial of his motion for discovery under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). He also attacks his two Penal Code section 667.5, subdivision (b) prior prison term enhancements due to Senate Bill No. 136 (2019–2020 Reg. Sess.) (SB 136). We agree with Vaaitautia as to both issues. We conditionally reverse the judgment and order the enhancements stricken. Undesignated statutory citations are to the Penal Code.

I

On August 5, 2018, the Long Beach Police Department worked a drug operation with a confidential informant, James Beasley. Narcotics detective Scott Destefano said he gave the informant $20 bills Destefano had photocopied to identify the serial numbers. Based on the informant's trial testimony, one Detective Thue was also present for the operation.

The informant approached Vaaitautia in a park. According to the informant, Vaaitautia exchanged a "pretty nice size" portion of methamphetamine for $20. The informant wore a camera. A video captured audio of their conversation but not the visual exchange of drugs and money.

After the buy, the informant met Destefano and one Detective Camrin and gave them the drug.

Police partners George Evans and Arthur Vega searched Vaaitautia. Vega said he found a $20 bill in Vaaitautia's left pants' pocket, $101 in his wallet, and $605 in another pocket.

2

Vaaitautia produced a sandwich bag from his pants with "11 black bindles of suspected methamphetamine." The officers arrested Vaaitautia.

The informant identified Vaaitautia as the seller.

The substance Vaaitautia had allegedly sold and the 11 bindles tested positive for methamphetamine. The 11 bindles were worth about $660. The $20 bill's serial number matched the copy Destefano had made.

Before trial, Vaaitautia asked to represent himself. The trial court granted his request. Vaaitautia filed a *Pitchess* motion in pro. per. requesting personnel records for Destefano, Thue, Camrin, Evans, and Vega. The trial court denied the motion. This ruling is the first issue on appeal.

Counsel represented Vaaitautia at trial. Witness testimony lasted one day. The informant, Vega, Evans, a forensic scientist, and Destefano testified for the prosecution.

The jury found Vaaitautia guilty of selling methamphetamine (Health & Saf. Code, § 11379, subd. (a)) (count 1) and of possessing methamphetamine for sale (Health & Saf. Code, § 11378) (count 2).

Vaaitautia admitted a prior conviction that qualified as a strike (§§ 1170.12, 667, subds. (b)–(i)). He also admitted two prior prison terms (§ 667.5, subd. (b)) for possession and transportation of controlled substances (Health & Saf. Code, §§ 11359, 11378, 11379).

The court sentenced Vaaitautia to six years in state prison. The sentence consisted of the midterm of three years for count 1, doubled to six years due to a prior strike. The court imposed a four-year term for count 2 and stayed this term pursuant to

section 654.  The court imposed but stayed two section 667.5, subdivision (b) prior prison term enhancements.

## II

The trial court abused its discretion by denying the *Pitchess* motion.

## A

We start with background about *Pitchess* motions.

*Pitchess* and corresponding sections of the Evidence Code allow defendants to discover information from police officers' personnel files by making allegations establishing "some cause" and by showing how the information would support a defense. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1018–1019 (*Warrick* ); §§ 832.7 & 832.8; Evid. Code, §§ 1043–1045.)  The defendant must file a motion supported by a declaration showing "good cause for the discovery."  (§ 1043, subd. (b)(3).)  This is a " 'relatively low threshold for discovery.' "  (*Warrick*, *supra*, at p. 1019.)  The "relatively relaxed" standards "insure the production for inspection of all potentially relevant documents."  (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84.)

The California Supreme Court analyzed the good cause requirement in *Warrick*.  The defendant must allege a "plausible" scenario of officer misconduct that "might or could have occurred."  (*Warrick*, *supra*, 35 Cal.4th at p. 1026.)  The defendant must include "an assertion of specific police misconduct that is both internally consistent and supports the defense proposed to the charges."  (*Ibid.*)

Defendants must describe the information they seek with "some specificity."  (*Warrick*, *supra*, 35 Cal.4th at p. 1021.)  The purpose of this requirement is to limit defendants' requests to

4

instances of officer misconduct "related to the misconduct asserted by the defendant." (*Ibid.*)

If a defendant shows good cause, the court must conduct an in camera hearing to determine what information, if any, the court must disclose. (*People v. Gaines* (2009) 46 Cal.4th 172, 179 (*Gaines*).)

We review a trial court's ruling on a *Pitchess* motion for abuse of discretion. (*People v. Cruz* (2008) 44 Cal.4th 636, 670.)

B

We detail the motion and the trial court's ruling.

Vaaitautia titled the four-page document "Motion and notice of motion for disclosure of peace officer personnel records and citizen complaints (and in camera review for favorable, material evidence); memorandum of points and authorities; decl[a]ration."

Vaaitautia named and provided badge numbers for the five officers.

Vaaitautia included a "Factual Background" section. He explained the probation department and Los Angeles County had registered him as a "homeless transi[en]t." On the date of his arrest, Vaaitautia was with other people and had been "getting extremely intoxicated on alcohol, meth and marijuana." The informant walked up and asked for drugs. Vaaitautia "signaled" to someone else to "take care" of the informant. The informant, who had apparently bought drugs from someone else, left. Vaaitautia "continued to rap and sing."

According to Vaaitautia, after the informant left, "an unmarked car pulled up and Officer Evans #10330 exited the unmarked unit and asked if 'anyone was on parole or probation,' Vaaitautia stated 'Yes, I am sir' and assumed the position for

5

search, not once was a sale[]s transaction mentioned by arresting officers.  Mr. Vaaitautia was booked on warrant[]s and possession of narcotics on Aug. 5, 2018.  And on Aug. 6, 2018, defendant was then charged for sale[]s of narcotic[]s.  Defendant believes the charge was fabricated due to [the] amount of drugs and casino money defendant had on his person."

Vaaitautia offered a "Points and Authorities" section that states, in full, "A defendant in a criminal proceeding is entitled to discover all relevant and material information that will assist him or her in the preparation and presentation of the defense.  [Citations.]  Litigants are entitled to prior complaints of officer's misconduct.  [Citation.]  Previous disciplinary action may also suggest bias and motive to lie.  [Citation.]"

Vaaitautia ended by declaring "under the penalty of perjury . . . that the foregoing is true and correct."

The court denied the motion, stating it "lacks some of the minimum requirements . . . ."  The judge identified several issues: 1) there was no declaration, 2) the only description of alleged misconduct was an allegation a charge "was fabricated"; 3) the request was overbroad because Vaaitautia "is asking for all of the records"; and 4) there was "no connection between the requested specific areas and any possible facts or scenario."  The court said "after searching and searching in its own mind, through the law and the case law" the court could not find the defendant "is even close" to showing good cause for discovery of "any" files.

C

The trial court improperly denied Vaaitautia's request.  We address the trial court's four grounds in turn.

First, Vaaitautia's motion functionally included a declaration.  While there is not a page in the motion titled

6

"declaration," he offered a factual account and he declared it was true under penalty of perjury.

Second, Vaaitautia offered a sufficiently specific alternate factual scenario. He denied selling drugs and he said police fabricated the drug sale charge. (See *Warrick*, *supra*, 35 Cal.4th at p. 1023 [defendant's theory officers falsely accused him of discarding cocaine sufficient to require in camera review].) The factual scenario was internally consistent. His account differed from the police account only insofar as it denied Vaaitautia was the person who sold drugs to the informant. He explained what he was doing in the area: using drugs and singing. He explained why police searched him: because he admitted he was on probation. Vaaitautia's account was plausible and sufficiently specific.

Third, Vaaitautia's request was broad, but this did not entitle the court to reject his request fully. (Cf *Warrick*, *supra*, 35 Cal.4th at pp. 1022, 1027 [narrowing defendant's "exhaustive list" of requests].) Vaaitautia's assertion of misconduct made clear which types of records would be relevant to his claim. In his opening brief on appeal, Vaaitautia says his request was one for "any previous complaints against the officers for making false arrests or falsifying evidence." In his reply brief, he says the motion requested prior complaints and disciplinary actions that would suggest bias and motive to lie. We agree his motion at least implicitly requested these records. The court should have granted his request and looked for complaints and disciplinary action related to false arrest, falsification of evidence, bias, and dishonesty for the five officers.

Fourth, records related to false arrest, falsification of evidence, bias, or dishonesty would support Vaaitautia's

alternate factual scenario that officers falsified the drug sale charge.

Vaaitautia is entitled to the trial court's in chambers review of the personnel records for the five officers relating to false arrest, falsification of evidence, bias, and dishonesty.

The proper remedy is a conditional reversal with directions for the trial court to review the documents the defendant requested in chambers on remand. (*Gaines*, *supra*, 46 Cal.4th at p. 180.) If the court determines the requested personnel records contain no relevant information, it must reinstate the judgment. If the court determines discoverable information exists and should be disclosed, the court must order disclosure of the information, allow Vaaitautia an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the court disclosed the information. (*Id.* at p. 181.)

## III

Vaaitautia and the People correctly agree Vaaitautia's two prior prison term enhancements must be stricken.

At the time of Vaaitautia's sentencing, section 667.5, subdivision (b) required the court to impose a one-year term for each prior separate prison term under section 1170, subdivision (h). On October 8, 2019, the Governor signed SB 136, and the change became effective January 1, 2020. This bill amended section 667.5, subdivision (b) to limit the enhancement to prior prison or jail terms for certain sexually violent offenses.

SB 136 applies retroactively to Vaaitautia, whose judgment was not final when the ameliorative change took effect. (See *People v. Stamps* (2020) 9 Cal.5th 685, 698–699.) Vaaitautia had

no prior prison terms for sexually violent offenses.  Accordingly, the two prior prison term enhancements must be stricken.

## DISPOSITION

The judgment is reversed and remanded in part.  The trial court is directed to conduct an in camera inspection of the personnel records of the five officers Vaaitautia listed in his motion for complaints and disciplinary action related to false arrest, falsification of evidence, bias, and dishonesty.  If the trial court's inspection on remand reveals no relevant information, the trial court is directed to reinstate the judgment of conviction and sentence.  If the inspection reveals relevant information, the trial court must order disclosure, allow Vaaitautia an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the court disclosed the information.

The judgment is also modified to strike the two stayed section 667.5, subdivision (b) prison term enhancements.  We direct the trial court to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.


WILEY, J.


We concur:


BIGELOW, P. J.          STRATTON, J.


9